**AMERICAN AIRLINES, INC., Plaintiff,**

**v.**

**PLATINUM WORLD TRAVEL; Coupon Connection; Ernest W. Carlson; Bruce H. Briggs; Robert J. Baumann; and Randall Christensen, Defendants.**

**Civ. No. C–88–770W.**

United States District Court, D. Utah, C.D.

May 7, 1990.*

Richard A. Rothman, Bonnie Garone, New York City, LeRoy S. Axland, Paul M. Simmons, Salt Lake City, Utah, for plaintiff.

Samuel Alba, M. David Eckersley, Salt Lake City, Utah, for Randall Christensen.

Scott R. Wangsgard, Kirk C. Bennett, West Valley City, Utah, for Platinum, Cou-

---

* This Memorandum Decision and Order was first entered on December 29, 1989 and is slightly revised for publication as of this date.

pon Connection, Carlson, Briggs and Baumann.

### REVISED ORDER MODIFYING IN PART PREVIOUS ORDER OF JULY 12, 1989

WINDER, District Judge.

American Airlines, Inc. ("American") filed a motion for modification of this court's Memorandum Decision and Order of July 12, 1989, 717 F.Supp. 1454, insofar as it applies to AAdvantage awards used to obtain foreign travel. After the parties had a chance to brief the issue, the court heard oral argument on December 27, 1989. American was represented by Richard A. Rothman, Leroy S. Axland, and Andrew W. Buffmire. Defendant Christensen was represented by Samuel Alba. Defendants Platinum World Travel, Coupon Connection, Carlson, Briggs, and Baumann were represented by Scott R. Wangsgard. Prior to the hearing the court had reviewed carefully the memoranda submitted by the parties. After taking the matter under advisement, the court has further considered the law and the facts.[1]

■ The express language of the relevant governing statute requires air carriers to file tariffs showing "all rates, fares, and charges for air transportation," but only such "rules, regulations, practices, and services" regarding air travel that are required by Department of Transportation ("DOT") regulations. See 49 U.S.C.App. § 1373(a). Thus, American argues, Congress has delegated to the DOT the exclusive authority to establish what rules the tariffs must contain. The court agrees.

■ As we noted in our July 12 Memorandum, the airline carrier regulations do not specifically address travel award programs. Therefore, in an attempt to discern the intent of the DOT regarding its regulations with respect to frequent flyer program rules, the court held that "[frequent

flyer program] rules on transferability must be stated in [American's] tariff in order to be enforceable." See Memorandum Decision and Order of July 12, 1989, at 21. We further stated that "transferability of foreign awards will be controlled solely by the provisions in AMERICAN's tariff." *Id.* American seeks modification of our July 12, 1989 Memorandum Decision and Order in light of a subsequent decision of the DOT addressing American's AAdvantage Program in the context of what is and is not required to be filed in American's tariffs.

On September 13, 1989, the DOT issued an order which stated that, for a number of "compelling" policy reasons, the DOT has never required air carriers to file frequent flyer program rules for approval as tariffs. *See* DOT Order 89–9–25, September 13, 1989, at 4.[2] Specifically, the DOT found that

> section 403 [49 U.S.C. § 1373] requires the filing of rules in tariffs only to the extent required by regulations of the Department. Since the introduction of frequent flyer bonus programs in 1981, the carriers have voluntarily filed those *award bonuses* affecting fares in tariffs, and both the CAB and the [DOT] have accepted them as appropriate binding tariff material consistent with the well-established practice of filing air fare discounts. But neither the CAB nor the [DOT] has ever determined that any of the *program rules* must be filed for approval as tariffs; in other words, rule summaries have never been considered binding tariff material warranting such review.

*Id.* (emphasis added). The DOT clearly distinguishes between the filing of the award bonuses and the filing of the program rules. The award bonuses themselves must be filed in the tariff; the program rules, on the other hand, are not required to be filed in the tariff. The DOT states on Page 4 of its Order that "the purpose and

---

1. The court has carefully considered the law of the case doctrine and concludes that the doctrine is inapplicable to this interlocutory matter. *See Fox v. Mazda Corp. of America,* 868 F.2d 1190, 1194 (10th Cir.1989).

2. *See* Exhibit A, American's Motion for Modification.

legal effect of the tariff is to set forth the awards themselves, ... and not conditions of eligibility for those awards or restrictions on their redemption." *Id.*

In our Memorandum Decision and Order of July 12, 1989, the court found that American's tariff governs the transferability of foreign awards while the AAdvantage Rules Brochure governs domestic awards. The effect of this subsequent DOT order, that an air carrier is not required to file frequent flyer program rules in its tariff, is that the AAdvantage Rules Brochure governs both domestic and foreign travel awards. This court, therefore, will modify its ruling of July 12, 1989 to that effect.

Accordingly, based on the foregoing and good cause appearing,

IT IS HEREBY ORDERED that this court's Memorandum Decision and Order of July 12, 1989 is modified as follows: [3]

1. Delete Section I, "Tariff Law."

2. Delete the last paragraph of Section II, "AMERICAN's Travel Award Program."

3. Delete Section III, "Interpretation of AMERICAN's Tariff."

4. Section IV, "Legal Interpretation of the AAdvantage Rules Brochure" now applies to all travel awards, whether domestic or foreign. In particular, the first sentence of the last paragraph is modified to read: "The effect of these three provisions on the case at bar is that for any AAdvantage travel award, for domestic or foreign transportation, the only permissible transfer of the travel award is the gifting of the mileage credits through the account member's designation of the award recipient at the award request stage."

---

**3.** The paragraphs deleted and/or revised are found under the DISCUSSION OF THE LAW section of the July 12, 1989 Memorandum Decision and Order.